IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MATTHEW CLARKE, #478025 | § | |
| VS. | § | CIVIL ACTION NO. 4:09cv404 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Matthew Thomas Clarke, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Clarke is not challenging the validity of his sexual assault convictions; rather, his petition challenges the retrospective application of changes in parole statutes, rules, regulations, policies, practices, and philosophy after the commission date of his offenses, which have allegedly violated the Ex Post Facto Clause.

This case was originally filed in the Galveston Division of the Southern District of Texas. After being transferred to the Sherman Division of the Eastern District of Texas, the case was assigned to United States District Judge Michael H. Schneider, and referred to United States Magistrate Judge Amos L. Mazzant in August 2009. However, Petitioner had already filed another habeas petition in the Eastern District, *Clarke v. Director*, No. 4:08cv381, which was also assigned to Judge Schneider, who entered judgement. The Fifth Circuit Court of Appeals remanded that case for consideration of three issues of the nine issues raised. After the case was remanded, it was transferred to the undersigned in light of a judicial vacancy in the Sherman Division. That case was again referred to Judge Mazzant, who ordered the parties to expand the

1

record regarding the three remanded claims. As a result, the Government expanded its Response and filed affidavits in support, and Petitioner filed a Reply.

The issues in the two cases are identical. However, Petitioner's motion to consolidate the cases was denied becasue this case had earlier been abated. Petitioner then filed a motion to return the instant case to the active docket, which was granted. In the deliberation of this case, the Court has taken judicial notice of the records in the corresponding case, *Clarke*, No. 4:08cv381. *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 n. 33 (5th Cir. 1978) (permitting the court to take judicial notice of its own records). In March of 2012, the instant case was reassigned to the undersigned based on a judicial vacancy in the Sherman Division. Final judgment has since been issued in the corresponding case, *Clarke*, No. 4:08cv381. Although Petitioner has again requested that his two federal cases be consolidated, the corresponding case is now closed.

United States Magistrate Judge Amos L. Mazzant issued a Report and Recommendation in the instant case, recommending that Petitioner's petition be denied and his case be dismissed. Petitioner filed objections. In his objections, Mr. Clarke initially complained about an order striking his reply to the Director's response to the Court's order to expand the record in his corresponding case, 4:08cv381. The reply was struck because it exceeded the page limits contained in Local Rule CV-3. Mr. Clarke's response was 204 pages long. Local Rule CV-3 limits documents, including attachments, to twenty pages, absent permission from the presiding judge to file a longer document. Even though Mr. Clarke sought permission to file a reply that exceeded twenty pages, his request was rejected because the reply was more than ten times the page limit. The Court is lenient in permitting litigants to file documents that exceed the page limits after a showing of good cause, but the document

tendered by Mr. Clarke was unreasonably long. "[A] federal district court has both specific and inherent power to control its docket." *See Miller v. Thaler*, 2011 WL 3209879 at *1 (5th Cir. July 28, 2011) (quoting *In re United Markets Int'l, Inc*, 24 F.3d 650, 654 (5th Cir. 1994)). That power in this case is reflected in the managerial function of Local Rule CV-3. The document was properly struck, and the objection about striking the document lacks merit. Nonetheless, in the interest of justice, the Court has reviewed the reply and considered it in addressing the remainder of Mr. Clarke's objections.

The Court notes that Petitioner has waived any objections with respect to all issues except the three issues remanded by the Fifth Circuit in his corresponding case, 4:08cv381. Accordingly, he is barred, except upon grounds of plain error, from appellate review of those proposed factual findings and legal conclusions, which have been accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). The Court also notes that many of Petitioner's objections amount to a re-urging of the claims already raised and discussed.

With respect to the three claims remanded by the Fifth Circuit, Mr. Clarke objected to Magistrate Judge Mazzant's reliance on the Fifth Circuit's decision in *Wallace v. Quarterman*, 516 F.3d 351 (5th Cir. 2008). The Fifth Circuit held in *Wallace* that laws that may affect a prisoner's eligibility for parole may have *ex post facto* implications, but laws that merely affect the discretionary determination of suitability for parole do not. *Id.* at 355. Mr. Clarke erroneously argued in his objections that the Fifth Circuit held in remanding his corresponding case that *Wallace* does not bar this lawsuit. In his Reply (filed in 4:08cv381), Petitioner stated that "the sole reason given by the [Fifth Circuit Court of Appeals] for dismissing this claim was that it was barred by *Wallace*." This is either a misunderstanding or misstatement. The court actually said that:

> the district court did not address his claims that the Ex Post Facto Clause was violated
> by requiring sex offenders to complete a sexual offender treatment program (SOTP)

3

> before being released on parole, by keeping violent offenders in prison longer to receive federal funds under the Truth-in-Sentencing-Act, and by the State's passing of laws that make it tougher for violent offenders to be released on parole.

*Clarke v. Thaler*, 415 Fed. Appx. at 530. The three claims were remanded because the Court did not specifically address them. *Id.* The holding did not prohibit the Court from considering *Wallace* or any other Fifth Circuit opinion regarding the application of the Ex Post Facto Clause. The objection lacks merit.

Mr. Clarke further argued that the *Wallace* decision should not govern this case because it "is fatally flawed and contrary to Supreme Court precedent." Regardless of Mr. Clarke's opinion of the *Wallace* decision, this Court is bound by Fifth Circuit precedent. Moreover, just recently, the Fifth Circuit rejected similar challenges to the *Wallace* decision in *Wion v. Jenkins*, No. 11-50343, 2012 WL 3139564 at *2 (5th Cir. Aug. 2, 2012). Once again, the objections to this Court's reliance on *Wallace* lack merit.

The first remanded claim concerned whether there was a violation of the Ex Post Facto Clause by requiring offenders to complete a SOTP before being released on parole. In his objections, Mr. Clarke asserted that he will be required to complete a SOTP because he is a sex offender. He complained that there are not enough SOTP classes being taught, which is keeping sex offenders in custody. In his objections and his reply, he asserted that inmates have been waiting for extended periods of time to take a SOTP.

According to the documents submitted by the Director, "[t]here is no requirement for an offender to complete the SOTP before being considered for parole." A SOTP is an option available to the Parole Board in the event that the Parole Board determines that circumstances favor an inmate's release. It is purely speculative whether Mr. Clarke will ever be deemed suitable for parole release and, if deemed suitable for parole, will be required to complete a SOTP. This case is not ripe for

adjudication since "it rests upon contingent future events that may not occur as anticipated, or indeed may never occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotes and citations); *see also Cooper v. Owens*, 303 Fed. Appx. 179 (5th Cir. 2008) (case was not ripe for review where prisoner failed to show that release on parole or supervised release was actual or imminent). Because Mr. Clarke has not shown that his release on parole was actual or imminent, whether he will ever be deemed suitable for parole and then required to complete a SOTP is speculative. The objection lacks merit.

Mr. Clarke also objected to the conclusion that relief should be denied because the Ex Post Facto Clause is not violated simply by requiring him to complete a sex offender program because he is a sex offender. He argued that the resolution of this issue is governed by the Supreme Court's decision in *Garner v. Jones*, 529 U.S. 244 (2000). He noted that *Garner* stands for the proposition that there is an *ex post facto* violation when a change creates a reasonable risk of increasing the amount of time actually served. *Id.* at 250.

*Garner* concerned the retroactive application of a Georgia Parole Board rule regarding the frequency of reconsideration of inmates for parole serving life sentences from every three to eight years. The Court found that retroactive changes in the law governing parole may possibly violate the Ex Post Facto Clause. *Id.* at 250. It was further noted that the presence of a parole board's discretion did not displace the protections of the Ex Post Facto Clause. *Id.* at 253. Nonetheless, the Court rejected the Eleventh Circuit's supposition that the change in the rule "seems certain" to result in some prisoners serving an extended period of incarceration. *Id.* at 255. The Court found that, in order to obtain relief, the petitioner had to "show that as applied to his own sentence the law created a significant risk of increasing his punishment." *Id.*

In *Wion v. Jenkins*, *supra*, the Fifth Circuit discussed evidence that showed that sex offenders

5

in Texas under prior law had a difficult time obtaining release. 2012 WL 3139564 at *1. After discussing both *Garner* and *Wallace*, the Fifth Circuit found that changes in parole laws "created only a most speculative and attenuated risk of increasing an offender's term of incarceration and that as applied, the amendments did not create a significant risk of increasing the offender's punishment." *Id.* at *2.

In the present case, Mr. Clarke provided examples in his reply that likewise showed that sex offenders are having had a hard time obtaining release. Nonetheless, just like the situation in *Wion*, his focus on the SOTP has created only a speculative and attenuated risk of increasing his term of incarceration and that, as applied, the amendments did not create a significant risk of increasing his punishment.

The parole law in effect at the time Mr. Clarke committed his state offenses provided that "[t]he board may adopt such other reasonable rules not inconsistent with law as it may deem proper or necessary with respect to the eligibility of prisoners for parole and mandatory supervision . . . or conditions to be imposed upon parolees and persons released to mandatory supervision." Tex. Code Crim. Proc. art. 42.18 § 8(g) (Vernon 1987). The SOTP is a rehabilitative program that is available to the Parole Board. It is not punitive. The retroactive application of the SOTP, a nonpunitive program, simply does not violate the Ex Post Facto Clause. *See Smith v. Doe*, 538 U.S. 84, 105-06 (2003) (finding that Alaska's Sex Offender Registration Act was not punitive and, thus, the retroactive application of the statute did not violate the Ex Post Facto Clause). Mr. Clarke may have provided evidence of "the existence of a sex offender parole bottleneck caused by the lack of SOTP program spaces," but his allegation that the Ex Post Facto Clause is violated by requiring sex offenders to complete a SOTP lacks merit and his objections similarly lack merit. Furthermore, procedural changes, even if they work to the disadvantage of a criminal defendant, are not *ex post facto* violations.

6

*Creel v. Kyle*, 42 F.3d 955, 958 (5th Cir. 1995)

The second remanded claim concerns whether there is an *ex post facto* violation by keeping violent offenders in prison longer in order to receive federal funds under the Truth in Sentencing Act. However, keeping inmates in custody longer in order to receive federal funds relates only to suitability for parole release, not eligibility. Mr. Clarke's objections again challenged the Fifth Circuit's decision in *Wallace* and stated that it was contrary to the Supreme Court's decision in *Garner*. The Fifth Circuit, however, has rejected the argument that the decision in *Wallace* is contrary to *Garner*. *Wion v. Jenkins*, 2012 WL 3139564 at *2, and this Court is obligated to follow Fifth Circuit precedent. The changes that have been made relating to parole only concern factors relating to suitability for parole release, not eligibility, and thus, the changes do not violate the Ex Post Facto Clause. *Wallace*, 516 F.3d at 355.

The third remanded claim concerns complaints that the State has passed laws making it tougher for violent offenders to be released on parole. The Report and Recommendation observed that Mr. Clarke's briefing focused on a Western District of Texas decision that granted an *ex post facto* claim. *Wion v. Dretke*, No. MO-05-CV-146 (W.D. Tex. March 29, 2007). While the *Wion* case was perhaps not the focus of Mr. Clarke's argument, the same issue was raised in the case, which was reversed on appeal by the Fifth Circuit. *Wion v. Quarterman*, 567 F.3d 146 (5th Cir. 2009), *cert. denied by Wion v. Thaler*, 130 S. Ct. 1120 (2010). More recently, the Fifth Circuit again rejected such claims in *Wion v. Jenkins*, *supra*. To whatever extent the State has passed laws that make it more difficult for violent offenders to receive parole release, such changes relate only to factors affecting suitability for release and not changes in eligibility for release on parole. Consequently, there are no violations of the Ex Post Facto Clause. *See Wallace*, 516 F.3d at 355.

In conclusion, Mr. Clarke's petition and his objections lack merit. Having made a *de novo*

review of the objections raised by Mr. Clarke to Judge Mazzant's Report and Recommendation, the Court is of the opinion that the findings and conclusions of Judge Mazzant are correct. Mr. Clarke's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Judge Mazzant as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Petitioner's motion to consolidate the cases is **DENIED**. It is also

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **18** day of **September, 2012.**

_____
Ron Clark, United States District Judge